UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO ADOLFO MARTINEZ GABARRETE,<br><br>Petitioner,<br><br>v.<br><br>RON MURRAY, *et al.*,<br><br>Respondents. | No.  1:26-cv-02116-JLT-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENTS' UNOPPOSED MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(A-Number: 220-204-226)<br><br>(Docs. 1, 7, 8)<br><br>**14-DAY OBJECTION PERIOD** |

Petitioner Gustavo Adolfo Martinez Gabarrete ("Petitioner"), a federal immigration detainee, proceeds by counsel with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1).  For the reasons set forth below, the undersigned recommends that the Court grant Respondents' unopposed motion to dismiss Petitioner's petition for writ of habeas corpus as moot.

I.    **Background**

On March 17, 2026, Petitioner filed the instant petition and a motion for preliminary injunction while in custody of Immigration and Customs Enforcement ("ICE") at the Mesa Verde Detention Center, located in Bakersfield, California.  (Doc. 1 ¶ 2); (Doc. 2).  That same day, the Court denied the motion for preliminary injunction as untimely, referred the petition to the

1

undersigned for a determination on the merits, and set a briefing schedule on the petition. (Doc. 4). On April 8, 2026, Respondents filed a motion to dismiss the petition as moot and duplicative of the earlier-field action, *Elder Cuyan Perez, et a. v. Murray, et al.*, No. 1:26-cv-02082-DJC-CKD ("*Martinez Gabarrete I*"), in which Petitioner has already obtained the relief he seeks in immediate release. *Id.* at 1-2.

On April 9, 2026, Petitioner filed a notice of non-opposition to Respondents' motion to dismiss, agreeing with Respondents that the instant petition is duplicative of the *Martinez Gabarrete I* action in which Petitioner obtained release on March 23, 2026, rendering this action moot. (Doc. 8 at 2).

## II.     Governing Authority

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)). "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation … there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064 (citation omitted); *see Spencer*, 523 U.S. at 7 ("Once the [petitioner's] sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). "Where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

## III.    Discussion

Here, Petitioner's petition seeks immediate release from custody. (Doc. 1 at 22). Given the parties agree that Petitioner obtained release on March 23, 2026, in the earlier-filed *Martinez-Gabarrete I* action, Petitioner's release moots the relief he seeks in the instant petition. *See*

(*Martinez-Gabarrete I* Doc. 9) (Order granting petition for writ of habeas corpus and for petitioner's immediate release).  Because Petitioner is no longer in ICE custody, the undersigned finds that no case or controversy exists and recommends that the petition be dismissed as moot. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007) ("After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions.") (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008); *e.g., Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (release of a prisoner moots a habeas corpus case); *Harutyunyan v. Warden*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, at *2 (E.D. Cal. Dec. 2, 2025) (dismissing petition as moot after petitioner was released from custody).

**IV.     Conclusion and Recommendation**

Accordingly, IT IS RECOMMENDED that:

1.   Respondents' motion to dismiss (Doc. 7) be GRANTED.

2.   Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED as MOOT.

3.   The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.

Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's

///

///

///

3

failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 15, 2026**

UNITED STATES MAGISTRATE JUDGE

4